## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**ZEEYAAD MOHAMED,**

        **Plaintiff,**

**v.**                                     **Case No: 6:22-cv-1261-PGB-DCI**

**GEOVERA INSURANCE
COMPANY,**

        **Defendant.**
_____/

### <u>ORDER</u>

This cause comes before the Court on Plaintiff Zeeyaad Mohamed's Motion to Remand to State Court (Doc. 8 (the "**Motion**")) and Defendant Geovera Insurance Company's response in opposition. (Doc. 14). Upon consideration, the Motion is due to be denied.

## I.    BACKGROUND

Plaintiff first filed this property insurance dispute in state court on October 12, 2021—alleging Defendant breached a $252,000 insurance contract by denying benefits (Count I) and seeking declaratory judgment regarding the scope of the policy (Count II) with damages exceeding $30,000. (Doc. 1-1, ¶¶ 1, 9, 17; Doc. 1-2, p. 3). On February 25, 2022, Plaintiff filed a Notice of Intent to Initiate Litigation[1]

---

[1] Beginning July 1, 2021, Fla. Stat. § 627.70152 requires a policyholder to file this notice ten business days before filing suit, which Plaintiff did not do. Defendant sought dismissal on those grounds, which the state court denied. Order Denying Defendant's Motion to Dismiss, *Mohamed v. GeoVera Ins. Co.*, Case No. 2021-CA-009914-O (Fla. 9th. Cir. Ct. May 24, 2022).

with the Florida Department of Financial Services containing a settlement demand for $60,000. (Doc. 8-2).

Defendant removed the action to this Court on July 19, 2022, specifically arguing that the amount in controversy exceeds the threshold required for invoking the Court's diversity jurisdiction under 28 U.S.C. § 1332. (Doc. 1). Plaintiff filed the instant Motion (Doc. 8), arguing that Defendant has failed to establish federal subject matter jurisdiction at the time of removal.[2] Subsequently, Defendant responded in opposition, making this matter ripe for review. (Doc. 14).

## II.    LEGAL STANDARD

28 U.S.C. § 1441(a) authorizes a defendant to remove a civil action from state court to federal court where the controversy lies within the federal court's original jurisdiction. When a case is removed from state court, the removing party bears the burden of establishing federal subject matter jurisdiction by a preponderance of the evidence. *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002) (per curiam). Subject matter jurisdiction must be assessed at the time of removal. *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000). Because removal from a state court constitutes an infringement upon state sovereignty, the removal requirements must be strictly construed and "all doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

---

[2]    The parties agree that complete diversity exists between them.

2

The removing party must show by a preponderance of the evidence that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). To determine the amount in controversy, the court must review the removal documents. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007). If a plaintiff fails to allege a specific damage amount, the removing party bears the burden of proving by a preponderance of the evidence that the amount-in-controversy threshold is met. *Id.* at 1208–09. Beyond the face of the complaint, a district court may consider the defendant's notice of removal and evidence submitted by the parties. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010). "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction." *Lowery*, 483 F.3d at 1211.

## III.   ANALYSIS

Plaintiff argues that Defendant has not met its burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000 as required by 28 U.S.C. § 1332(a). (Doc. 8). In its Notice of Removal, Defendant admits that it has paid out $209,339.33 of Plaintiff's $252,000 policy after a $1,000 deductible. (Doc. 1, ¶ 9; Doc. 1-5). That makes the actual damages available under the policy $41,660.67, which Plaintiff agues is below the amount-in-controversy threshold. (Doc. 8, ¶ 1). In response, Defendant argues that Plaintiff's June demand letter for $78,600 indicates otherwise, and the anticipated attorney's fees raise the amount in controversy above $75,000. (Doc. 14).

Without more, an initial demand for settlement generally does not provide a basis for ascertaining the amount in controversy. *Arroyo v. Soto*, No. 6:18-CV-1844-ORL-40-GJK, 2018 WL 11346476, at *1 (M.D. Fla. Dec. 3, 2018). This is because settlement demands frequently involve posturing and puffery by the plaintiff, and as a result, the amount demanded "cannot be considered a reliable indicator" of the true amount in controversy. *Piazza v. Ambassador II JV, L.P.*, No. 8:10-cv-1582, 2010 WL 2889218, at *1 (M.D. Fla. July 21, 2010) (citation and internal quotation marks omitted). But where a demand provides specific information and a reasonable assessment of the damages claimed, it is possible for the defendant to ascertain the amount in controversy and rely on the demand to support removal. *See Benandi v. Mediacom Se., LLC*, No. 11-00498-CG-N, 2011 WL 5077403, at *2–3 (S.D. Ala. Sept. 30, 2011), *report and recommendation adopted*, 2011 WL 5077108 (S.D. Ala. Oct. 24, 2011).

Plaintiff's June settlement offer of $78,600 has little evidentiary value because it includes interest and costs as well as a yet-to-be-brought claim for bad faith—without specific information itemizing each claim's value. (Doc. 1-3).[3] In Florida, a claim for bad faith does not accrue until the underlying contract claim has been resolved, and therefore has no value with regard to the amount in controversy. *See Bele v. 21st Century Centennial Ins. Co.*, No. 6:15-cv-526, 2015

---

[3]  Defendant appears to argue that interest and costs should be included in the calculation of the amount in controversy. (Doc. 14, p. 6) ("When the statutory interest is added to Plaintiff's global demand inclusive of attorney's fees and costs, the amount in controversy far surpasses the threshold for removal . . ."). That is not the case as 28 U.S.C. § 1332(a) clearly states the amount in controversy is "exclusive of interest and costs."

WL 5155214, at *2 (M.D. Fla. Sept. 1, 2015) (citing *Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991)); *Barroso v. Allstate Prop. & Cas. Ins. Co.*, 958 F. Supp. 2d 1344, 1346 n.3 (M.D. Fla. 2013). The email lacks specific information for how Plaintiff reached the $78,600 figure and seeks a counteroffer from Defendant, indicating the "initial volley" of negotiations. *See, e.g.*, *Dennis v. Geovera Specialty Ins. Co.*, No. 6:21-cv-335, 2021 WL 1345996, at *2 (M.D. Fla. 2021). Given Defendant's payments, the June settlement offer therefore demonstrates the hallmarks of puffery. *See Javier-Anselmo v. Wal-Mart Stores East, L.P.*, 2020 WL 1271063 (M.D. Fla. 2020) (finding $250,000 demand was puffery where the only non-speculative damages amounted to $17,681). The Court thus affords it little weight.

Plaintiff's first settlement demand of $60,000 conveyed in the Notice of Intent to Litigate, however, is itemized and contains specific information about how Plaintiff came to that figure. (Doc. 8, ¶ 7). Of the $60,000, Plaintiff denotes $3,500 as attorney's fees and $500 as costs. (Doc. 8-2). The demand does not include interest. (*Id.*). Plaintiff thus claims $56,000 in damages for breach of contract—which exceeds the purported $41,660.67 cap remaining on damages under the policy. (Doc. 8, ¶ 7). Plaintiff leaves this discrepancy unexplained. Regardless, the policy documents, the affidavit of Plaintiff's counsel, and Florida law indicate that the $41,660.67 figure is the more accurate measure of actual damages for the breach of contract. (Doc. 1-2, p. 3; Doc. 1-5; Doc. 8-1, ¶ 4); *State Farm Mut. Auto. Ins. Co. v. St. Godard*, 936 So. 2d 5, 9 (Fla. 4th DCA 2006)

(holding "a final judgment against the insurer cannot exceed the stated policy limits").

Accordingly, Plaintiff would need to incur more than $33,339.33 in recoverable attorney's fees to cross the amount-in-controversy threshold. Although generally excluded, federal courts must count attorney's fees toward the amount in controversy when a state statute provides for them as damages. *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933). Plaintiff seeks attorney's fees afforded by Fla. Stat. §§ 627.428, 626.9373, 57.041, and 92.231. (Doc. 1-1, pp. 3-4). Plaintiff asserts that only attorney's fees incurred up to, but not beyond, the date of removal should count and cites to *Earley v. Metropolitan Casualty Ins. Co.*, No. 8:21-cv-112, 2021 WL 141492, *1–2 (M.D. Fla. 2021) for support.[4][5] Defendant counters that the calculation includes anticipated attorney's fees over the course of litigation by citing to *Mirras v. Time Ins. Co.*, 578 F. Supp. 2d 1351, 1353 (M.D. Fla. 2008) (anticipated statutory attorney's fees were included in calculating amount in controversy).

This Court finds that where the plaintiff does not explicitly identify the value of attorney's fees, the court may look to evidence in the record to predict the amount of fees the plaintiff would likely recover over the course of litigation.

---

[4] While the Court acknowledges the *Earley* approach, the Court notes it is not binding precedent nor the universal approach on this issue.

[5] Plaintiff's counsel also asserts that attorney's fees should not be included at all because, in his experience, federal courts do not grant them. (Doc. 8, ¶ 12). This argument is unavailing. The amount in controversy is an estimate of the amount that will be put at issue in the course of the litigation, not what the plaintiff will ultimately recover. *Pretka*, 608 F.3d at 751.

*Harvest Moon Distributors, LLC v. S.-Owners Ins. Co.*, No. 6:20-CV-1026, 2020 WL 6382625, at *2 (M.D. Fla. Aug. 12, 2020); *Traturyk v. W.S. Life Assurance Co.*, No. 6:15-CV-1347, 2016 WL 727546, at *2 (M.D. Fla. Feb. 24, 2016). Moreover, the Court is entitled to employ its judicial experience and common sense in estimating the value of attorney's fees likely recoverable in a given case. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010) (recognizing that federal courts may use their judicial experience and common sense in determining the amount in controversy). In these types of removal cases, the defendants typically provide evidence by way of affidavits or a comparison to other similar cases in forming an estimate of the amount in controversy—whether under a contingency fee or hourly rate. *Traturyk*, 2016 WL 727546, at *2 (defendant produced an affidavit from an experienced attorney estimating attorney's fees in an insurance dispute); *Harvest Moon Distributors*, 2020 WL 6382625, at *2 (defendant compared case to *Mirras* to form the basis of an estimate accepted by the Court). In *Traturyk*, this Court analyzed the anticipated fees in a $60,000 insurance dispute with a contingency fee between 33 and 40 percent as well as under an hourly rate of at least $200/hour, based on the defendant's affidavit.  2016 WL 727546, at *2. The Court accepted defendant's estimate that plaintiff's counsel would work 100 hours through trial in reaching its conclusion. *Id.*

Yet here Defendant does not provide an estimate of anticipated attorney's fees or a suggested method for calculating them based on precedent. Instead, Defendant baldly claims that Plaintiff's legal fees have increased between the first

and second settlement offers, constituting at least a portion of the $18,000 difference between them, and would further increase over time, lifting the matter over the amount-in-controversy requirement. (Doc. 14, p. 7). Standing alone, this argument amounts to speculation, not evidence or inference, which would not suffice. *See Pretka*, 608 F.3d at 753–55; *Lowery*, 483 F.3d at 1215.

However, the facts available in the record and prior cases provide some support that the anticipated attorney's fees push this matter above the $75,000 threshold. Plaintiff's counsel would need to utilize an hourly arrangement, since a 40-percent contingency fee would only net $16,667. *See Traturyk*, 2016 WL 727546, at *2. An hourly arrangement with a rate of $350/hour, on the other hand, would net $35,000—assuming 100 hours of work through pretrial practice, discovery, and trial—which would put the final amount in controversy at $76,667. *See id.*; *Mirras*, 578 F. Supp. 2d at 1353 (reaching estimate by assuming a $350/hour rate).

Plaintiff's first settlement offer indicates she contracted her counsel on an hourly basis rather than on contingency—since the claimed $3,500 in attorney's fees amount to about 6 percent of the alleged $56,000 in damages. (Doc. 8-2). A $350/hour rate is a reasonable assumption for counsel who has recovered insurance benefits for more than 22 years, particularly when the attorney's fees in the settlement demand are divisible by it. (Doc. 8-1, ¶ 7). The Court also observes that Plaintiff has not stipulated or otherwise indicated that her counsel would agree to recover no more than $33,339.33 in attorney's fees should she

prevail. *See Devore v. Howmedica Osteonics Corp.*, 658 F. Supp. 2d 1372, 1380 (M.D. Fla. 2009) (finding that a plaintiff's refusal to stipulate to the amount in controversy is one factor to consider in determining whether a federal court can exercise diversity jurisdiction).

In sum, when calculating the amount of damages at the time of removal, which the Court reasonably estimates to be $41,660.67, plus attorney's fees, which could reasonably amount to more than $33,339.33, the Court can conclude from its experience and common sense that greater than $75,000 is at issue in this particular controversy.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand (Doc. 8) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on October 3, 2022.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record