# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**ZEEYAAD MOHAMED,**

       **Plaintiff,**

**v.**                                                   **Case No: 6:22-cv-1261-PGB-DCI**

**GEOVERA INSURANCE COMPANY,**

       **Defendant.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | Defendant's Motion for Reconsideration and Motion for Protective Order (Doc. 23) |
| **FILED:** | October 27, 2022 |
| **MOTION:** | Defendant's First Motion for Extension of Time to Comply with Discovery Order (Doc. 25) |
| **FILED:** | October 28, 2022 |

**THEREON** it is **ORDERED** that the motions are **DENIED**.

Plaintiff previously filed motions to overrule Defendant's objections and compel complete and verified answers to interrogatories. Docs. 18, 19. Defendant did not timely respond to those motions. So, on October 20, 2022, the Court granted the motions as unopposed and directed Defendant to provide full and complete responses to Plaintiff's requests for production numbers 3, 7, 8, and 9 and provide complete answers to the interrogatories. Doc. 21.

Defendant now seeks reconsideration of the October 20, 2022 Order under Federal Rule of Civil Procedure 60(b) because counsel "inadvertently and mistakenly failed to properly calendar the due date[.]" Doc. 23 at 1 (the Motion for Reconsideration). Defendant adds that the parties came to an agreement prior to Plaintiff filing their motions and "Plaintiff misrepresented the meet and confer" and did not outline the parties' agreement in relation to the discovery responses. *Id*. at 2. Defendant also asserts that Plaintiff's discovery requests are not supported by law and are irrelevant and harassing. *Id*. at 3.

The Motion for Reconsideration is due to be denied. "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.,* 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002) (citing Mannings *v. Sch. Bd. of Hillsborough County,* 149 F.R.D. 235, 235 (M.D. Fla. 1993)). "Only a change in the law, or the facts upon which a decision is based, will justify a reconsideration of a previous order." *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994). "Court opinions are 'not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure.'" *Hope v. Sec'y., Dep't. of Corr. & AG*, 2018 WL 10669778, at *1 (M.D. Fla. Feb. 8, 2018) (quoting *Quaker Alloy Casting Co. v. Gulfco Indus.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)). Courts have delineated three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; (3) the need to correct clear error or prevent manifest injustice. *Sussman*, 153 F.R.D. at 694. *See also Stallworth v. Omninet Vill., L.P.*, 2016 WL 10100424, at *2 (M.D. Fla. Aug. 23, 2016) ("Motions for reconsideration are permitted when there is (1) an intervening change in controlling law; (2) newly discovered evidence; or (3) the need to correct clear error or manifest injustice.") (citing *Tristar Lodging, Inc. v. Arch Speciality*

*Ins. Co.*, 434 F. Supp. 2d 1286, 1301 (M.D. Fla. 2006) *aff'd sub nom. by Tristar Lodging, Inc. v. Arch Specialty Ins. Co.*, 215 Fed. Appx. 879 (11th Cir. 2007)).

The circumstances justifying reconsideration of the Court's Order are not present. While Defendant's Motion relies heavily on Plaintiff's alleged mischaracterization of a discovery agreement and the 3.01(g) meeting as Plaintiff set forth in the motions to compel, those events do not change the fact that Defendant missed the deadline to respond. If Plaintiff misrepresented to the Court the nature of the conferral meeting and any discovery agreement, then Defendant had an opportunity to make a *timely* response. Defendant did not file such a response.[1]

The real issue is counsels' failure to properly calendar the due date for the responses. The Court's Standing Order specifically warns the litigants that the failure to timely respond to a discovery motion **will** result in the motion being deemed unopposed. Doc. 5 at 1 (emphasis in the original). There are two attorneys of record at the Pintard Robinson, PLLC law firm who received notification of the Court's Standing Order, which sets forth the deadline for filing a response to a motion. Simply missing it is not a sufficient ground for reconsideration. Because the Motion fails to demonstrate a change in controlling law, newly discovered evidence, or manifest injustice, Defendant is not entitled to relief. *See Stallworth v. Omninet Vill., L.P.*, 2016 U.S. Dist. LEXIS 192929, at *5 (M.D. Fla. Aug. 23, 2016) (denying the defendants' request for reconsideration because there was no intervening change in controlling law or newly discovered evidence and the defendants' "failure to timely provide discovery or timely respond to the motion to compel due to alleged calendar errors or mistakes does not amount to the type of manifest injustice that compels extraordinary relief."); *Jacobs v. Hudson Real Estate Holdings, LLC*, 2021 WL 705785, at *3 (S.D.

---

[1] Plaintiff has filed a Response to the Motion for Reconsideration and opposes Defendant's claim that the parties reached an agreement. Doc. 26.

Fla. Feb. 23, 2021) (denying Rule 60(b) motion where the defendant relied on "mistake in calendaring the applicable deadlines, which came as a result of counsel's paralegal being on vacation, and counsel's juggling of responsibilities on multiple cases[.]").

Finally, to the extent that Defendant's argument regarding the relevance of Plaintiff's discovery requests is an attempt to demonstrate manifest injustice or other grounds for relief under Rule 60(b)—which Defendant does not specify and does not adequately brief—the Motion does not persuade the Court that reconsideration is warranted.

Based on the foregoing, it is **ORDERED** that:

1. Defendant's Motion for Reconsideration (Doc. 23) is **DENIED**;

2. Defendant's Motion for Extension of Time to Comply with the Court's October 20, 2022 Order (Doc. 25) is **DENIED**; and

3. **On or before November 28, 2022**, Defendant shall comply with the Court's October 20, 2022 Order (Doc. 21).

**ORDERED** in Orlando, Florida on November 22, 2022.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE